**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 97-30436
Summary Calendar**

_____

**LARRY LOFTON,**

**Petitioner-Appellant,**

**versus**

**BURL CAIN, Warden, Louisiana State
Penitentiary; RICHARD P. IEYOUB, Attorney
General, State of Louisiana,**

**Respondents-Appellees.**

_____

**Appeal from the United States District Court
for the Eastern District of Louisiana
(96-CV-3635-E)**

_____

December 15, 1997

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Louisiana prisoner Larry Lofton, # 99305, appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Of course, we must examine the issue of subject matter jurisdiction on our own motion if necessary. *Giannakos v. M/V BRAVO TRADER*, 762 F.2d 1295, 1297 (5th Cir. 1985). Lofton's appeal is from the district court's resolution of the merits of the

---

[*]      Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims he raised in a second, or successive, habeas petition. But, the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), requires that a prisoner seeking to file such a petition first obtain an order from this court authorizing the district court to consider such a petition. *See* 28 U.S.C. § 2244(3)(A). Because Lofton did not obtain such permission from this court, the district court was without jurisdiction to entertain the petition. *See* **id**. Accordingly, the judgment is **VACATED** and the case is **REMANDED** to the district court with instructions to dismiss the petition.

*VACATED and REMANDED, WITH INSTRUCTIONS*